**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laurie F. Wright, | No. CV-11-0095-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Chase Home Finance LLC, et. al., | |
| Defendants. | |

The court has before it defendants' motion to dismiss (doc. 5), plaintiff's response and motion for leave to file second amended complaint (docs. 8, 9), and defendants' reply in support of motion to dismiss and response to the motion for leave to amend (doc. 10). Plaintiff did not file a reply.

Plaintiff entered into a mortgage loan transaction, secured by a deed of trust, with Chase to purchase property in Gilbert, Arizona. Sometime prior to June 1, 2009 plaintiff fell behind on her mortgage. Plaintiff sought a mortgage modification from Chase pursuant to the Home Affordable Mortgage Program ("HAMP"). In September 2009, Chase enrolled plaintiff in the HAMP Trial Period Plan. Under this plan, plaintiff's monthly mortgage payments were reduced temporarily while she was evaluated for a permanent loan modification. Plaintiff successfully made the required payments for at least seven months. In July 2010, Chase sent plaintiff a proposed loan modification. Plaintiff claims that the modification was worse than her original loan terms because it increased the overall loan amount, increased her monthly payments, shortened the payment period, and did not credit

1  plaintiff for any payments made during the trial plan period.  Plaintiff contacted Chase to ask
2  why the terms were worse and why her prior payments were not credited.  Plaintiff alleges
3  that Chase instructed her to return the modification agreement unsigned so that it could look
4  into it.  Plaintiff then claims that Chase unreasonably construed this as a rejection.  In August
5  2010, plaintiff filed Chapter 7 bankruptcy.  On October 18, 2010, defendant Tiffany & Bosco
6  filed a motion to lift the automatic stay in plaintiff's bankruptcy so that defendants could
7  initiate foreclosure.  The Bankruptcy Court lifted the stay.  Finally, on October 20, 2010,
8  Chase rejected plaintiff's application for a loan modification because she failed to accept the
9  modification within the required time.  Neither party mentions the current status of the
10 property.

11        Plaintiff originally filed this action in the Superior Court of Arizona in Maricopa
12 County.  Defendants removed the action on the basis of diversity and federal question
13 jurisdiction.  Plaintiff's First Amended Complaint ("FAC") seeks damages, declaratory, and
14 injunctive relief for alleged wrongdoing with regard to a mortgage loan under the following
15 theories: (1) violation of HAMP; (2) breach of contract; and (3) breach of the covenant of
16 good faith and fair dealing. Plaintiff also seeks an accounting.  Defendants move to dismiss
17 for failure to state a claim.  In February, we extended the time in which the parties had to file
18 a response or reply because they were negotiating a resolution (doc. 7).  On April 5, 2011,
19 however, plaintiff filed a response and her motion for leave to file a second amended
20 complaint.  Neither party mentions why a negotiated resolution was not reached.

21        Defendants first move to dismiss counts one, two, three, and four because HAMP does
22 not create a private right of action.  Defendants argue that even though plaintiff labels her
23 claims as breach of contract, breach of the covenant of good faith and fair dealing, and
24 declaratory judgment, she is really alleging violations of HAMP.  Plaintiff asserts that HAMP
25 amended her note and deed of trust to impose additional duties on defendants.  By failing to
26 consider plaintiff for a loan modification, plaintiff claims that defendants violated HAMP and
27 in turn, the note and deed of trust.

28        Plaintiff lacks standing to assert any claims premised on a violation of HAMP.

- 2 -

1  HAMP is not a contract between plaintiff and defendants, did not amend plaintiff's loan
2  contracts, and does not contain a private right of action.  See Puzz v. Chase Home Finance,
3  __ F. Supp. 2d. __, 2011 WL 395423, *4 (D. Ariz. 2011).  HAMP grants Fannie Mae, not
4  individual borrowers, the right to sue to ensure compliance.  Nor is plaintiff a third party
5  beneficiary of HAMP, entitling her to sue for breach of contract.  As the Supreme Court
6  recently stated, "[t]he absence of a private right to enforce the statutory [ ] obligations. . .
7  would be rendered meaningless if [   ]entities could overcome that obstacle by suing to
8  enforce the contract. . .instead. " Astra USA, Inc. v. Santa Clara Cnty., __ U.S. __, 131 S.Ct.
9  1342, 1348 (2011).  A party cannot circumvent the lack of a private right of action by filing
10 a breach of contract claim as a third party beneficiary when the statute does not demonstrate
11 any intent to allow beneficiaries to enforce those terms.  Id. at 1348-49.  To the extent claims
12 one, two, three, and four allege violations of HAMP, we dismiss them.
13       We next turn more specifically to plaintiff's breach of contract claims.  Claim one is
14 asserted against Chase and claim two is asserted against all defendants.  Both claims allege
15 the same thing, except that the second also includes a claim for injunctive relief to prevent
16 foreclosure.  Plaintiff alleges that defendants violated the note and deed of trust, as well as
17 the Trial Payment Plan agreement.  Defendants argue that plaintiff fails to identify what
18 provisions of the contracts were breached.  Plaintiff again relies on her argument that
19 defendants violated the note and deed of trust, as amended by HAMP.
20       To plead a breach of contract claim, plaintiff must allege the formation of a contract,
21 its breach, and damages. Frank Lloyd Wright Found v. Kroeter, 697 F. Supp. 2d 1118, 1125
22 (D. Ariz. 2010).  Here, plaintiff does not identify what specific provisions were breached.
23 We already stated that plaintiff does not have standing to assert violations of HAMP, even
24 as a breach of contract claim incorporating its terms.  A liberal reading of the complaint
25 suggests that plaintiff may be trying to allege that defendants violated the deed of trust by
26 initiating foreclosure proceedings when plaintiff was not actually in default, or by failing to
27 provide proper notice, or that defendants violated the Trial Plan Agreement.  As pled,
28 however, the FAC merely pleads conclusory statements and no more than "unadorned, the-

defendant-unlawfully-harmed-me accusation[s]." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). We therefore, grant defendants' motion to dismiss claims one and two.

Plaintiff's third claim for relief alleges a violation of the covenant of good faith and fair dealing arising from the note and deed of trust. By refusing to consider plaintiff for a loan modification the second time and noticing a trustee's sale, plaintiff alleges that defendants breached the covenant. Defendants argue that plaintiff cannot claim that anyone prevented her from receiving the benefit of the bargain.

"The law implies a covenant of good faith and fair dealing in every contract," which requires that "neither party will act to impair the right of the other to receive the benefits which flow from their agreement." Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). Count three alleges that plaintiff was not considered for and did not receive a permanent loan modification. The note and deed of trust do not require defendants to modify the loan. Defendants could not have acted to impair the rights afforded to plaintiff in the note and deed of trust on this basis. We grant defendants' motion to dismiss count three.

Plaintiff also seeks an accounting. Plaintiff does not allege whether she seeks an accounting pursuant to federal or state law. Defendants argue that the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et. seq. ("RESPA"), governs a borrower's right to an accounting. Because plaintiff fails to even mention RESPA, defendants contend that plaintiff fails to plead a plausible claim for relief.

Plaintiff seeks an accounting because defendants failed to credit payments plaintiff made during the trial period. However, plaintiff fails to identify any legal theory underlying her claim. In Arizona, actions for an accounting are usually reserved to parties in a fiduciary relationship. See Mollohan v. Christy, 80 Ariz. 141, 143-44, 294 P.2d 375, 376-77 (1956). Absent a special agreement, a debtor-creditor relationship is not a fiduciary relationship. Moreover, there is "no statutory requirement that the [homeowner] be supplied with a complete accounting." Kelly v. NationsBanc Mortg. Corp., 199 Ariz. 284, 286-87, 17 P.3d 790, 792-93 (Ct. App. 2000); but see A.R.S. § 33-813(c) (imposing certain narrower accounting requirements). Because plaintiff fails to identify any claim under which she is

1 entitled to an accounting, we dismiss her request for an accounting.

2 Finally, plaintiff seeks a declaration that defendants violated HAMP and cannot
3 foreclose until they prove she is in default. The Declaratory Judgment Act ("DJA") is
4 "procedural only." Atena Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 463
5 (1937). Declaratory relief is not a theory of recovery, but merely offers an additional
6 remedy. Because plaintiff fails to plead any claim entitling her to relief, her request for a
7 declaratory judgment fails as a matter of law.

8 Plaintiff requests leave to amend to cure any deficiencies in the FAC. Since plaintiff
9 already amended her complaint once as a matter of right in state court she must seek leave
10 to amend. Rule 15(a), Fed. R. Civ. P.; see also Butner v. Neustadterm, 324 F.2d 783, 785
11 (9th Cir. 1963) (stating that a district court "takes the case as it finds it on removal and treats
12 everything that occurred in the state court as if it had taken place in federal court"). Plaintiff
13 fails to properly seek leave to amend because she does not attach a copy of the proposed
14 amended pleading as an exhibit to the motion. See LRCiv. 15.1. Absent that, we cannot
15 evaluate whether amendment would be futile. However, certain alleged facts, such as
16 allegations that plaintiff was not in default, that defendants did not credit certain payments,
17 and that defendants denied plaintiff a modification, despite her compliance with the trial plan,
18 may entitle plaintiff to relief. We thus leave open the possibility for amendment. We urge
19 plaintiff to seek the advice of counsel. If she does not have a lawyer, she may wish to call
20 the Lawyer Referral Service of the Maricopa Bar Association at 602-257-4434.

21 Therefore, **IT IS ORDERED GRANTING** defendants' motion to dismiss without
22 prejudice (doc. 5). It is **FURTHER ORDERED DENYING** plaintiff's motion for leave to
23 amend (docs. 8, 9). Plaintiff shall have thirty (30) days from the date this order is entered
24 to file a motion for leave to amend in compliance with LRCiv. 15.1. Otherwise the clerk
25 shall enter judgment of dismissal.

26 DATED this 1st day of June, 2011.

27
28
*Frederick J. Martone*
Frederick J. Martone
United States District Judge