Douglas C. Erickson, No. 012130
Jennifer A. Reiter, No. 017502
**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012
(602) 279-8500
derickson@mmcec.com
jreiter@mmcec.com

Attorneys for Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laurie F. Wright, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>Chase Home Finance LLC, an Arizona limited liability company; Tiffany & Bosco, PA, a professional association; Mark S. Bosco and Jane Doe Bosco; his wife; Mark S. Bosco dba MERS, Inc.; Mortgage Electronic System, Inc., an organization; Crestar Mortgage, an organization,<br><br>Defendants. | No. CV11-0095-PHX-FJM<br><br>**MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

   Defendant JPMorgan Chase Bank, N.A. ("Chase"), successor by merger to Chase Home Finance LLC, respectfully moves this Court, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss Plaintiff's Second Amended Complaint ("SAC"). This motion is supported by the following memorandum of points and authorities, and the Court's record, which are incorporated herein by reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

The SAC represents Plaintiff's third attempt to state claims upon which relief could be granted against Chase, and now others.[1] However, Plaintiff's theories have been rejected by a number of courts, and they should be rejected here. Plaintiff admits to defaulting on her loan. SAC ¶ 10. She sought a loan modification and was approved for one. SAC ¶¶ 17-18, 24. Unfortunately, the terms of the modification were not acceptable to her and Plaintiff declined the loan modification. SAC ¶ 38. She now is suing Chase for breach of contract (that contract being what is commonly known as a Trial Period Plan or "TPP"), in counts 1 and 2, violation of A.R.S. § 33-807.01, in count 3, and breach of the covenant of good faith and fair dealing, in count 4. As a matter of law, each of these claims should be dismissed.

## I.   The Motion to Dismiss Standard

In the context of a motion to dismiss, the Court accepts Plaintiff's factual allegations and reasonable inferences therefrom, as true, unless they are contradicted by proper exhibits or matters of which the Court can take judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)(A court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit."). The Court does not accept speculation, conjecture, or unreasonable inferences; and legal conclusions do not garner similar deference. *Id.* ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Legal conclusions, even when framed or couched as "fact," are not accepted as true in weighing a motion to dismiss. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

---

[1] The others appear to be nominal parties, at best, interjected in an effort to defeat diversity jurisdiction. Chase does not construe statements in the SAC to constitute a motion for remand. However, if the Court so construes it, or has any question as to whether subject matter jurisdiction continues to exist, Chase respectfully requests the opportunity to brief that issue. It is clear that diversity jurisdiction still exists, and federal question jurisdiction may also have been invoked by the nature of Plaintiff's claims.

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, __ U.S. __ (2009)(internal citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (internal citations omitted). If a complaint fails to meet these standards, it may be dismissed. Dismissal is also proper if a complaint simply fails to articulate a real theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 (9th Cir. 1984).

In terms of the record that may be considered without converting a motion to dismiss to a summary judgment proceeding, "[a] district court . . . may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded on other grounds by statute*. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). With all of these standards in mind, the SAC should be dismissed.

**II.     Plaintiff Cannot Pursue a Claim for Breach of a TPP (Counts 1and 2).**

It is not clear whether Plaintiff concedes that the HAMP does not create any private cause of action that she can enforce through a lawsuit. But it is clear that she is attempting to enforce some contractual obligations that she believes flow from the TPP. Plaintiff here is not the first to attempt to construct such a claim. A good discussion of how such plaintiffs' arguments have evolved was recently provided by the U.S. District Court in Virginia. The court then focused on the current efforts to construct a claim based on a TPP.

> Most recently, homeowners like Plaintiff have pursued breach of contract claims based on their TPP agreements. Plaintiff contends that she has a "straightforward breach of contract claim," and emphasizes that "[i]t is the [TPP] contract -- not HAMP -- that Plaintiff seeks to enforce." (Pl's Mem. Opp'n 10.) Thus, Plaintiff

argues, the body of law holding that HAMP does not create a private right of action and borrowers are not third-party beneficiaries of SPAs is wholly irrelevant to the instant case. (*See id.* at 9.) Several courts have flatly rejected this contention. *Bourdelais v. J.P. Morgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 35507 (E.D. Va. 2011).

It is far from clear that the TPP is a contract at all. It required that Plaintiff provide financial information and continue to pay her pre-existing debt. Most courts have concluded that the trial period plan is not an enforceable contrast. *See*, *e.g.*, *Rackley v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 79323 (W.D. Tex. 2011).

> There is no Fifth Circuit precedent, and sparse precedent nationwide, on diversity-based breach of contract claims based upon HAMP TPPs. Of that precedent which exists, ***almost every district court has affirmed 12(b)(6) dismissal of such breach claims on the basis that the borrower's failure to receive an executed Home Affordable Modification Agreement prevented the borrower's compliance with all TPP obligations.*** *See*, *e.g.*, *Wigod v. Wells Fargo Bank, N.A.*, No. 10 CV 2348, 2011 U.S. Dist. LEXIS 7314, 2011 WL 250501, at *4 (N.D. Ill. Jan. 25, 2011); *Grill v. BAC Home Loans Servicing LP*, No. 10-CV-03057-FCD/GGH, 2011 U.S. Dist. LEXIS 3771, 2011 WL 127891, at *3-4 (E.D. Cal., Jan. 14, 2011); *Brown v. Bank of New York Mellon*, No. 1:10 Civ 550, 2011 U.S. Dist. LEXIS 6006, 2011 WL 206124, at *2-3 (W.D. Mich. Jan. 21, 2011). Moreover, several federal district courts have expressly rejected the argument that the TPP's requirements of provision of finance information and payments constitute new consideration supporting a permanent loan modification.

*Id.* at *8 (emphasis added).

Another current strategy is to use the TPP as a foundation for bringing fraud or promissory estoppel claims. But these efforts, too, have failed.

> Regardless of any allegation of reasonable reliance, courts have determined that lenders are not required under HAMP to modify eligible loans. *See Marks*, 2010 U.S. Dist. LEXIS 61489, 2010 WL 2572988 at *3. "Even Fannie Mae, which has rights under the [Servicer Participation] Agreement, cannot force a participating servicer to make a particular loan modification." *Id.* ***"A qualified borrower would not be reasonable in relying on the Agreement*** as manifesting an intention to confer a right on him or her because the Agreement does not require that [the participating servicer] modify eligible loans." *Escobedo v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017, 2009 WL 4981618,

- 4 -

at *3 (S.D. Cal. Dec. 15, 2009).

*Lucia v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 73497 (N.D. Cal. 2011)(emphasis added).

Plaintiff relies upon the unsigned trial period plan (SAC, Ex. A, which is parenthetically referred to as "Step One of Two-Step Documentation Process"), but she ignores language that undermines her case. For example, the TPP provides: "***This Plan will not take effect unless and until both the Lender and I sign it and the Lender provides me with a copy of this Plan with the Lender's signature.***" SAC, Ex. A, page 1 (emphasis added). Further, "the Plan is not a modification of the Loan Documents and . . . the Loan Documents will not be modified" unless a number of conditions are met. *Id.* ¶ 2(G). The TPP also put Plaintiff on notice that the amount of payments under the plan is "an estimate" and that actual payments under a modified loan may be different. *Id.* ¶ 2.

In accepting the TPP, Plaintiff agreed that "[i]f prior to the Modification Effective Date, the Lender does not provide me a fully executed copy of the Plan and the Modification Agreement . . . the Loan Documents will not be modified and this Plan will terminate." *Id.* ¶ 2(F). "[A]ny pending foreclosure action will not be dismissed and may be immediately resumed" (*id.* ¶ 2(B)) and "all terms and provisions" of the note and deed of trust, including the power to conduct a trustee's sale, remained in full force and effect until Plaintiff and Chase signed a modification. *Id.* SAC, Ex. B ¶ 4(D). The TPP also provided that payments made under the TPP "shall not constitute a cure of my default under the Loan Documents." SAC, Ex. A ¶ 2(E).

Even if Plaintiff could state a breach of contract claim, as a matter of law, there is a fatal defect in her theory because she received the permanent modification she alleges was promised. She did not like the terms, and apparently rejected it for that reason. But even if the Court found the TPP to be a separate and enforceable contract, Plaintiff can point to no material breach of it or damages caused by such a breach. Even if the terms allegedly did not

1  comply with the HAMP, as every court that has considered the question has held, such is not
2  an actionable claim.

### III.    A.R.S. § 33-807.01 Does Not Provide a Right for Plaintiff to Sue (Count 3).

Plaintiff cannot state a cause of action under A.R.S. § 33-807.01 for a number of reasons. First, the statute does not create a private right of action. In its entirety, it reads:

> A. For a property with a first deed of trust recorded on or after January 1, 2003 through December 31, 2008, if the borrower occupies the property as the borrower's principal residence, before a trustee may give notice of a trustee's sale for the property pursuant to section 33-808, the lender must *attempt* to contact the borrower *to explore options* to avoid foreclosure at least thirty days before the notice is recorded.
>
> B. The notice required by subsection A of this section shall be made in writing and documentation of the notice shall be maintained in the credit file.
>
> C. This section does not apply to:
>
>> 1. Loans made, purchased or serviced by a state or local public housing agency or authority.
>>
>> 2. Loans that are collateral for securities purchased by an agency or authority described in paragraph 1.
>>
>> 3. Deeds of trust that were prepared in connection with five or fewer loans that were funded by a single lender, or group of lenders in concert, in one calendar year.
>>
>> 4. Lenders compliant with the United States department of treasury home affordable modification program.
>
> D. Nothing in this section requires a servicer to violate contractual agreements for investor-owned loans or provide a modification.
>
> E. This section shall not be construed to require a beneficiary to violate any agreement made between the beneficiary and a federal or state regulatory agency of that beneficiary or any requirement of federal law.

A.R.S. § 33-807.01 (emphasis added).

1    Construing a statute similar to the Arizona statute under which Plaintiff here is suing,
2 the U.S. District Court for the Central District of California found no private cause of action
3 that a borrower could assert. "[A] statute will only be deemed to contain a private right of
4 action if the Legislature has manifested an intent to create such a right." *Gaitan v. Mort.*
5 *Electr. Registration Systems*, 2009 U.S. Dist. LEXIS 97117 * 18 (C.D. Cal. 2009).

6    Second, no trustee's sale of Plaintiff's property has been noticed, so any claim for a
7 violation is not ripe. And third, Plaintiff was in contact with Chase about a loan modification
8 over a period of time, and was offered a modification. Therefore, her own allegations establish
9 there was no violation of the statute.

**IV.    There Was No Breach of the Covenant of Good Faith and Fair Dealing (Count 4).**

11   As was the case with the FAC, the relevant contracts here are the promissory note and
12 the deed of trust. Plaintiff cannot allege that Chase or anyone else prevented her from
13 receiving the benefit of her bargain. Thus, there can be no claim for breach of the covenant
14 of good faith and fair dealing.

> [P]laintiff alleges a claim for breach of the covenant of good faith and fair dealing. This claim cannot lie inasmuch as defendants are entitled to foreclose on plaintiff's property, as allowed by the contract. *See Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1120, 76 Cal. Rptr. 3d 585 (2008) (implied covenant will not be read into contract to prohibit that which is expressly permitted by agreement itself). To the extent plaintiff contends defendants violated this covenant by denying her request for loan modification, the claim fails as a matter of law because the implied covenant does not require parties to negotiate in good faith.

21 *Thoreau de la Salle v. America's Wholesale Lender*, 2010 U.S. Dist. LEXIS 36319, * 7 (E.D.
22 Cal. 2010). Ironically, in this case, Plaintiff was offered a loan modification. The terms were
23 not acceptable to her, so she declined it. To the extent she might argue that the TPP was a
24 binding contract, upon which she can sue and in which a covenant of good faith and fair
25 dealing is implied, she is mistaken, as discussed *supra*, in Section II.

**V.     Conclusion**

Plaintiff has failed to state any viable claim. Therefore, the SAC should be dismissed, with prejudice.

RESPECTFULLY SUBMITTED this 29th day of July, 2011.

**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

By /s/Douglas C. Erickson
Douglas C. Erickson
Jennifer A. Reiter
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012-2443
Attorneys for Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC

**ORIGINAL** of the foregoing e-filed this 29th day of July, 2011, with:

Clerk of the Court
United States District Court
401 W. Washington
Phoenix, AZ 85003

**COPY** of the foregoing electronically delivered this 29th day of July, 2011, with:

Honorable Frederick J. Martone
United States District Court
401 W. Washington
Phoenix, AZ 85003

**COPY** of the foregoing mailed this 29th day of July, 2011, to:

Laurie F. Wright
1672 S. Hazel Street
Gilbert, AZ 85295
Plaintiff Pro Per

By  /s/Stacey Tanner