LAURIE F WRIGHT
1672 S Hazel Street
Gilbert, Arizona 85295
480-330-9638

Plaintiff Pro Se



UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LAURIE F WRIGHT, a single woman, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHASE HOME FINANCE, LLC., an )<br>Arizona limited liability company; )<br>TIFFANY & BOSCO, PA, a professional )<br>association; JOHN DOE I-X and JANE )<br>DOE I-X, their wives; BLACK )<br>CORPORATIONS I-X; )<br>)<br>Defendants. )<br>_____ ) | No. CV 11-0095-PHX-FJM<br><br>RESPONSE TO PROPOSED CASE MANAGEMENT PLAN |

COMES NOW plaintiff and enters her response to the "Proposed Case Management Plan" as filed by defendants.

Plaintiff absolutely denies categorically that she ever refused to meet to work out the details of the case management plan (see comment at Item 1 of defendant's document).

Because plaintiff has been, frankly, lied to by defendants and given conflicting information by attorneys for defendant she has asked and stated in the past that she prefers to deal with defendant and counsel in writing. Apparently counsel for defendants have difficulty doing that.

In any event she sets forth her own proposed case management plan as follows.

1.    Nature of the Case

Prior to June, 2009, plaintiff owned the property at issue. Prior to June 1, 2009, plaintiff fell behind one month upon her mortgage. She then hired a local law firm to apply for a mortgage modification. Upon examination of the appropriate facts and her records, the law firm

1



informed her that there was a "good chance" that she would qualify under the law for a loan modification, i.e., a reduced payment on the mortgage (note and deed of trust) on the property, achieved either with a reduction of principal, lower interest rate, or lower payment.

At the time Chase allegedly held a note and deed of trust upon plaintiff's property; it was the Chase note and deed of trust on which plaintiff had fallen one month behind.

Plaintiff sought under federal law modification of her mortgage as owed to Chase. By September, 2009, plaintiff received notification from defendant Chase that she would be enrolled in the HAMP program for the trial period. After making the required trial period payments, and a fourth one, four months later plaintiff called Chase to ascertain where she was in the modification process; she was told to keep paying the $1,240 monthly trial payment.

Each month from January, 2010, until July, 2010, plaintiff called monthly to find out where she was in the modification process; she was told simply to keep paying the $1,240 payment. On or about July 2010 plaintiff received a proposed modification from Chase (Exhibit B to original complaint); the modification was, in essence:

    a) an increase in the overall loan amount of $17,000 (the original loan amount for which she sought modification was the approximate sum of $240,000, and the amount used to "modify" was $257,000; this revised amount gave plaintiff no credit for what she paid in the trial period and the months thereafter, and added to the mortgage other unauthorized charges and fees);

    b) payments increased to $1,900 (originally the payment was about $1,800 a month, although as noted above, the trial payments were $1,240 a month);

    c) there was no change in the interest rate;

    d) there was no credit given anywhere for the ten months that she had paid the $1,240 per month commencing September 2009; and,

    e) the term of the payoff of the original note and deed of trust was shortened to 316 months.

Plaintiff immediately called Chase and asked why the modification was in fact not a modification, why she had not received credit for which she had paid at the trial payment level, and with other questions. Chase told plaintiff to send back the modification documents unsigned, which she did. Chase apparently took this return of documents, apparently to be the equivalent of a rejection by plaintiff of any mortgage modification.

Without any declaration of default, or compliance with state law, defendant Chase noticed the trustee's sale of plaintiff's property, claiming wrongly the failure of plaintiff to have paid since 2009.

On October 20, 2010, Chase advised plaintiff that she had been turned down for a loan modification (referencing the July 2010 proposal) because she "failed to accept the Trial Period Plan or Home Affordable Modification within the required time". That was simply untrue

2.   Legal bases of claims

a) <u>Breach of Contract</u>. Plaintiff sues for breach of the modification contract which she fully performed. In this regard, it makes no difference whether HAMP provides a borrower relief or not. She was offered a modification, accepted the offer, and commenced performance.

b) <u>Breach of Contract.</u>   Additionally, the original note and deed of trust is a contract between the parties. With the enactment of TARP, and Chase's choice of taking money under that program, Chase agreed to be bound under HAMP in administering its default remedies in the original note and deed of trust. To foreclose, it had to offer to the defaulting borrower modification consideration. It did not do so here; alternatively, it negligently reflected on its records that plaintiff rejected a proposed modification. She did not.  Plaintiff can sue for breach of the contract which is the note and deed of trust without claiming a right to sue under HAMP. Plaintiff can sue for beach of the note and deed of trust's default remedy procedures, now amended by the Congress.

c) <u>Breach of the covenant of good faith and fair dealing claim</u>

By not considering fairly, or at all, plaintiff for modification, Chase violated its direct

3

contractual duty under the original note and deed of trust as imposed by TARP/HAMP. This wrong by Chase can also be considered a breach of the covenant of good faith and fair dealing arising from the original note and deed of trust, again as modified by law, in the administration of its default provisions and privileges in the note and deed of trust. One could hardly argue that to fail to fairly administer a contract, as Chase did, in violation of the law—failure to consider fairly for a modification—is bad faith and a lack of fair dealing.

    d) <u>Wrongful Foreclosure.</u>

<u>Contreras v. U.S. Bank</u>, CV 09-09137-PHX-NVW (D. Ariz. 2009). <u>Dobson v. MERS/GMAC</u>, 259 S.W. 3d 19, 22 (Mo. App. E.D. 2008), cited in <u>Contreras</u>, lay out the elements of a wrongful foreclosure complaint in other states. It may be true that no Arizona court has specifically found to exist a tort for wrongful foreclosure. That is, however, beside the point. That does not mean that given the right case, an Arizona court wold not find such a tort to exist. See also <u>Herring v. Countrywide Home Loans, Inc.</u>, 207 WL 2051394 (D. Ariz. 2007), plaintiff borrower moved for summary judgment on a complaint for wrongful foreclosure.

    3.    The factual and legal issues genuinely in dispute

        Plaintiff agrees to the commentary of defendants.

    4.    Jurisdictional basis

Plaintiff is an Arizona resident. Defendant is a national association with a principle place of business in Ohio. The other defendants appear to be nominal defendants. The amount in controversy exceeds $75,000. 28 U.S.C. 1332.

    5.    Parties not served

        Plaintiff believes that all parties have been served.

    6.    Names of parties not subject to the Court's jurisdiction.

        None.

    7.    Dispositive issues and pre-trial motions

        The court should set a date for the filing of such motions.

      8.     Whether the case is suitable for reference to a United States Magistrate Judge for settlement conference

           No.

      9.     Status of related cases.

           No related cases known.

      10.    Initial Disclosure

           Thirty days after motions to dismiss are decided, if any claims remain.

      11.    Proposed dates for:

           Plaintiff proposes that dates be discussed after motions to dismiss are decided, and it is determined which defendants, if any, are still in this case.

           a.     10/31/11, last day to file motions to amend the complaint and to join additional parties.

           b.     11/30/11, disclosure of expert testimony by plaintiff under rule 26(a)(2), Fed. R. Civ. P.

           c.     12/31/11, disclosure of expert testimony by defendants under rule 26(a)(2), Fed. R. Civ. P.

           d.     1/15/12, disclosure of rebuttal expert testimony.

           e.     3/1/12, disclosure of all witnesses, exhibits and other matters under Rule 26(a)(3), Fed. R. Civ. P.

           f.     4/1/12, disclosure of all discovery.

           g.     5/1/12, last day to file dispositive motions.

           h.     7/1/12, the lodging of a joint proposed pretrial order (about 120 days after last day to file dispositive motions).

           I.     8/1/12; the final pretrial conference (on a Friday at 3:00 p.m. about one week after lodging proposed pretrial order and two weeks before trial).

           j.     9/1/12, 2011; firm trial date (second Tuesday of month at 9:00 a.m.).

      12.    Estimated length of trial

Plaintiff suggests that a one (1) day trial would be sufficient in this matter.

Dated this 7 day of _____, 2011.

_____
LAURIE F WRIGHT

A copy of the foregoing
mailed this / day of
_____, 2011 to:

Douglas C Erickson
Jennifer A Reiter
MAYNARD CRONIN ERICKSON
CURRAN & REITER, PLC
3200 N Central Avenue, Suite 1800
Phoenix, Arizona 85012

_____