**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laurie F. Wright, | CV-11-00095-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Chase Home Finance LLC, | |
| Defendant. | |

The court has before it defendant's motion for summary judgment (doc. 32) and separate statement of facts (doc. 33). Plaintiff has not responded and the time for responding has expired. Under LRCiv 7.2(i), "such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

Moreover, our review of defendant's motion supports granting summary judgment. This action arises from plaintiff's participation in the Home Affordable Mortgage Program Trial Period Plan concerning a possible loan modification with defendant.[1] At this stage, only plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing remain. Plaintiff alleges that defendant breached the trial period plan by failing to credit her payments. However, defendant's statement of facts and supporting exhibits reveal

---

[1] Plaintiff's second amended complaint named a number of additional defendants. At the Rule 16 scheduling conference held on August 4, 2011, we dismissed all defendants other than Chase Home Finance (doc. 21).

1 that defendant credited payments plaintiff made between October 2009 and July 2010 in
2 accordance with the terms of the trial period plan.  Plaintiff has not made any mortgage
3 payments since July 2010.  Thus, the undisputed facts reveal that defendants did not breach
4 the trial period plan with respect to the crediting of payments.  Without a breach, plaintiff's
5 breach of contract claim necessarily fails.  See Frank Lloyd Wright Found. v. Kroeter, 697
6 F. Supp. 2d 1118, 1125 (D. Ariz. 2010).  And without a breach, plaintiff has no remaining
7 claim that she was denied the benefits of defendant's agreement to credit her payments under
8 the trial period plan.  See Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569
9 (1986) (essence of implied covenant of good faith and fair dealing is that parties will not act
10 to impair another's right to receive benefits promised under an agreement).  Defendant is
11 entitled to judgment as a matter of law on plaintiff's remaining claims.

12 **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 32).
13 The Clerk shall enter judgment.

14 DATED this 8th day of March, 2012.

_____
Frederick J. Martone
United States District Judge