**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Laurie F. Wright, | ) | CV 11-00095-PHX-FJM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Chase Home Finance LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

The court has before it plaintiff's motion for a new trial and motion to amend her complaint (doc. 40). After we granted in part a motion to extend time for plaintiff to respond to defendant's motion for summary judgment, plaintiff's deadline to respond was March 2, 2012. Plaintiff did not respond. Accordingly, on March 9, 2012 we entered an order granting summary judgment in favor of defendant (doc. 36). The Clerk entered judgment the same day (doc. 37). This motion was filed on April 6, 2012.

Plaintiff moves for a new trial pursuant to Rule 59, Fed. R. Civ. P. This rule is inapplicable to plaintiff's situation, as no trial was ever held. If we construe this motion as a motion for reconsideration of our order granting summary judgment, it is untimely. LRCiv 7.2(g)(2) requires motions for reconsideration to be filed within fourteen days after the challenged order is filed, unless good cause is shown. Plaintiff has not shown good cause for filing the motion late, nor has she shown "manifest error or a showing of new facts or legal authority" that would justify our granting the motion. See id. 7.2(g)(1). Construing the

1  motion as one for relief from a final judgment under Rule 60(b), Fed. R. Civ. P., we find that
2  plaintiff has not shown "mistake, inadvertence, surprise, or excusable neglect," or any other
3  reason, that would justify setting aside the judgment.  See id.  Plaintiff admits that she was
4  aware of the deadline to file her response to the motion for summary judgment, but did not
5  file either a response or a second motion for extension of time prior to our order granting
6  summary judgment (which was issued a full week after plaintiff's response was due).  Even
7  if plaintiff was looking for a lawyer at the time, this does not excuse failing to meet a filing
8  deadline.

9  Next, plaintiff moves for a new trial against other defendants she named in her second
10 amended complaint.  At the Rule 16 scheduling conference, we dismissed all defendants
11 other than Chase (doc. 21).  To the extent that plaintiff now wishes to pursue claims against
12 these other defendants, we remind plaintiff that our dismissal of these defendants was
13 without prejudice. Finally, plaintiff moves to amend her complaint. Our Rule 16 scheduling
14 order, issued on August 4, 2011, stated that no further amendments to the complaint would
15 be permitted (doc. 22).  Moreover, the Clerk has already entered judgment in this case.  It is
16 too late for plaintiff to amend her complaint in this action.

17 **IT IS ORDERED DENYING** plaintiff's motion for a new trial and motion to amend
18 her complaint (doc. 40).

19 DATED this 11th day of April, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -